FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA LANGLEY,<br><br>Plaintiff,<br><br>v.<br><br>DON MILLER and JAMES KIDDY,<br><br>Defendants. | No. 4:23-CV-05112-ACE<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT<br><br>**ECF Nos. 10, 15** |

**BEFORE THE COURT** are Defendant Don Miller's motion for summary judgment, ECF No. 10, and Plaintiff's motion for default, ECF No. 15. Plaintiff is proceeding *pro se*, Defendant Miller is represented by Kimberley Hanks McGair, and Defendant Kiddy has not appeared.

## BACKGROUND

Plaintiff filed a complaint on August 4, 2023, asserting a variety of allegations related to the repossession of her motor vehicle. ECF No. 1. Defendant Miller filed an answer to the complaint on August 28, 2023, ECF No. 8, and a motion for summary judgment on October 19, 2023, ECF No. 10. Defendant Kiddy has yet to appear or file a response to the complaint.

On November 15, 2023, Plaintiff filed a timely response to Defendant Miller's motion for summary judgment, ECF No. 14, as well as a "Motion of Default," ECF No. 15.

ORDER - 1

# DISCUSSION

## I. Defendant Miller

Defendant Miller's motion for summary judgment argues that all of Plaintiff's claims against him should be dismissed, with prejudice, and that Defendant Miller should be entitled to his attorney fees and costs against Plaintiff because her claims are frivolous. ECF No. 10. Plaintiff filed a response to the summary judgment motion that asserts her bank committed fraud and took her car unlawfully. ECF No. 14.

### A. Facts[1]

Plaintiff, a resident of Richland, Washington, entered into a Retail Installment Contract ("Contract") with a vehicle dealer to purchase a 2020 Ford Explorer ("the vehicle") on March 10, 2022. The vehicle dealer sold the Contract to Gesa Credit Union ("Gesa") shortly thereafter. Defendant Don Miller is the Chief Executive Officer of Gesa. Defendant Miller is not a party to the Contract and has never communicated with Plaintiff.

---

[1] Defendant Miller filed a "Statement of Material Facts Not in Dispute" pursuant to this Court's local rules. ECF No. 11; *see* LCivR 56(c)(1)(A) ("A party filing a motion for summary judgment must separately file a "Statement of Material Facts Not in Dispute" which shall specify the undisputed material facts relied upon to support the motion."). Plaintiff did not file a "Statement of Disputed Material Facts" as required by LCivR 56(c)(1)(B) ("A party filing an opposition to a motion for summary judgment must separately file a "Statement of Disputed Material Facts" which shall specify the disputed material facts precluding summary judgment. . . . As to each disputed fact, the statement shall cite to the specific page or paragraph of the record where the disputed fact is found. . . . The opposing party shall also briefly describe any evidentiary objection to the moving party's asserted fact.").

ORDER - 2

Plaintiff initially defaulted on her payment obligations under the Contract in January 2023, brought her account current, and then failed to make a payment in April 2023. Plaintiff and Gesa entered in a Loan Modification Agreement in April 2023, but Plaintiff again failed to make a payment due in May 2023. Gesa sent a demand letter to Plaintiff in July. Plaintiff did not respond to the demand letter or cure the default.

On July 26, 2023, Gesa repossessed the vehicle[2] and sent Plaintiff a notice of intent to sell the vehicle unless Plaintiff paid the debt in full. Plaintiff did not pay the debt in full.

### B. Legal Standard

Federal Rule of Civil Procedure 56(a) states that a party is entitled to summary judgment in its favor if "the movant shows that there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-249 (1986). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

Once the moving party has carried the burden under Rule 56, the party opposing the motion must do more than simply show there is "some metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion must present facts in evidentiary form and cannot rest merely on the pleadings. *Anderson*, 477 U.S. at 248. Genuine issues are not raised by mere conclusory or speculative allegations. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

---

[2]Plaintiff's responsive memorandum alleges that Defendant James Kiddy was the individual responsible for repossessing the vehicle. ECF No. 15 at 2. Defendant Miller had no role in the repossession of the vehicle.

ORDER - 3

The Supreme Court has ruled that Federal Rule of Civil Procedure 56(c) requires entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Therefore, the question on summary judgment is "whether the evidence is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-252. Where there is no evidence on which a jury could reasonably find for the nonmoving party, summary judgment is appropriate. *Id.* at 252.

### C. Analysis

Plaintiff's complaint, ECF No. 1, is difficult to comprehend. As stated by Defendant Miller, it appears Plaintiff is stating claims for trespass, violation of the Fair Debt Collections Practices Act, and violation of the Truth in Lending Act; and alleging that Plaintiff's service of an "Affidavit of Truth" on Defendant Miller has some legal consequence. *See* ECF No. 10 at 3.

#### 1. Plaintiff's Claims

With respect to Plaintiff's claim that Defendant Miller committed intentional trespass,[3] it is uncontested that Defendant Miller had no role in the actual

---

[3]In Washington, to establish a claim for intentional trespass, the "plaintiff must show (1) an invasion affecting an interest in the exclusive possession of his property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and (4) substantial damages." *Buchanan v. Simplot Feeders, LLC*, 2023 WL 1808368 at *6 (E.D. Wash. Jan. 6, 2023) (quoting *Bradley v. Am. Smelting & Ref. Co.*, 104 Wash.2d 677, 690-691 (1985) (internal citation omitted)).

ORDER - 4

repossession of the vehicle. Therefore, Defendant Miller is not liable for trespass, and this claim shall be dismissed with prejudice.

As to Plaintiff's claim that Defendant Miller violated the Fair Debt Collections Practices Act ("FDCPA"),[4] Plaintiff has failed to identify any particular provision of the FDCPA that Defendant Miller purportedly violated. In any event, Defendant Miller is not a party to the Contract, Plaintiff's debt is not owed to Defendant Miller, and Defendant Miller has not engaged in any effort to collect a debt against Plaintiff. Plaintiff has thus not established a violation of the FDCPA by Defendant Miller. Consequently, any FDCPA claim asserted by Plaintiff against Defendant Miller shall be dismissed with prejudice.

Finally, regarding Plaintiff's claim that Defendant Miller violated the Truth in Lending Act ("TILA"),[5] Plaintiff has not specifically identified how Defendant Miller violated TILA. Nevertheless, Defendant Miller is not a party to the Contract and did not lend money to Plaintiff. Defendant Miller is not a "creditor" as defined by TILA. *See* 15 U.S.C. § 1602(g). Accordingly, to the extent that Plaintiff attempts to state a TILA claim against Defendant Miller, the claim shall be dismissed with prejudice.

///

---

[4] To establish a FDCPA claim, "a plaintiff must establish that (1) the plaintiff is a consumer, (2) who was the object of a collection activity arising from a debt, (3) the defendant is a debt collector, and (4) the defendant violated a provision of the FDCPA." *Rose v. Bank of Am., N.A.*, 2017 WL 1197822 at *5 (E.D. Wash. Mar. 30, 2017) (quoting *Munoz v. Cal. Bus. Bureau, Inc.*, 2016 WL 6517655 at *4 (E.D. Cal. Nov. 1, 2016) (citing *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004))).

[5] TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a).

ORDER - 5

### 2.  "Affidavit of Truth"

Plaintiff has alleged, without citation to binding legal authority, that Plaintiff's service of an "Affidavit of Truth" on Defendant Miller has some legal consequence.  ECF No. 1.  This assertion is without merit.

Defendants were not required to respond to Plaintiff's affidavit.  *See* Fed. R. Civ. P. 7 (identifying responsive pleadings); Black's Law Dictionary, 66 (9th ed. 2009) (explaining that an affidavit only offers evidence).  Plaintiff's dispute is governed by Federal and State law and Washington's version of the Uniform Commercial Code, found at Wash. Rev. Code § 62A.9A *et seq.*, and Plaintiff has failed to provide valid legal support for her allegations.

### 3.  Sanctions

Defendant Miller argues that Plaintiff's claims are so wholly without merit that he should recover the attorney fees and costs incurred in defending against those claims pursuant to Fed. R. Civ. P. 11.

An attorney or unrepresented party is subject to Rule 11 sanctions when, after a reasonably inquiry, they present to the Court "claims, defenses, and other legal contentions [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2); *see Fierro Cordero v. Stemilt Ag Servs.*, 2023 WL 6190889 at *2 (E.D. Wash. Apr. 11, 2023).

Based on the foregoing, *pro se* Plaintiff is now on notice of the law pertaining to her circumstances and the inability of an "Affidavit of Truth" to accomplish that which she had initially anticipated.  At this time, the Court finds this case does not warrant Rule 11 sanctions.  That said, any future failure to file pleadings in compliance with the Federal Rules of Civil Procedure by Plaintiff may support sanctions, and any attempt to file an "Affidavit of Truth" will assuredly result in the imposition of Rule 11 sanctions.  The right to avail oneself of the

///

ORDER - 6

remedies available in this Court comes with a concomitant obligation to follow its procedural rules.

## II. Defendant Kiddy

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a federal court may dismiss a case *sua sponte* when it is clear a plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-308 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous or malicious complaint *sua sponte*, even in the absence of an express statutory provision).

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).  The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Here, Plaintiff's Complaint, ECF No. 1, provides statements that do not adequately explain what happened with respect to Defendant Kiddy's actions and how those acts violated specific rights.  Plaintiff has failed to clearly demonstrate

ORDER - 7

the nature of her claims or a nexus between Defendant Kiddy's conduct and an alleged violation. Consequently, Plaintiff has not stated a short and plain statement of a claim showing she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The Court thus dismisses the Complaint *sua sponte* under Fed. R. Civ. P. 12 (b)(6).

Although the Court finds Plaintiff has failed to state a claim upon which relief may be granted, unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to the dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Therefore, in an abundance of caution, the Court shall afford Plaintiff an opportunity to amend her complaint to try to state a claim as to Defendant Kiddy. The Amended Complaint must include a short, plain statement clearly stating what claims she is attempting to bring in this lawsuit against Defendant Kiddy, the factual allegations supporting those claims, and the connection between Defendant Kiddy's conduct and an alleged violation.

### III. Plaintiff's Motion of Default

It appears Plaintiff seeks Default Judgment against Defendants because she served Defendants with an Affidavit of Truth on July 17 or 20, 2023, and again on August 7, 2023, but Defendants did not respond within the alleged requisite 21-day period. ECF No. 15; ECF No. 14 at 4. Plaintiff asserts that because Defendants did not respond, Plaintiff should be granted default judgment.

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk must enter a party's default, then, provided certain conditions are met, a court may enter a default judgment. *Id*. Pursuant to Rule 55(a), an entry of default is appropriate, "[w]hen a party against whom a judgment
///

ORDER - 8

for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *See* Fed. R. Civ. P. 55(a) & LCivR 55(a), Local Civil Rules for the Eastern District of Washington.

Here, the clerk has not entered default, and, as discussed above, Defendant was not required to respond to Plaintiff's "Affidavit of Truth." *See supra*. Plaintiff's motion for default is denied. *See e.g. Norman v. Small*, 2010 WL 5173683 at *2 (S.D. Cal. Dec. 14, 2010).

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Defendant Miller's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED, and all claims alleged by Plaintiff against Defendant Miller are DISMISSED WITH PREJUDICE.**

2. **Judgment shall be entered for Defendant Miller**.

3. **Defendant Miller's name shall be stricken from all future captions. The caption on all future pleadings shall reflect DONNA LANGLEY, Plaintiff, v. JAMES KIDDY, Defendant.**

4. With respect to Defendant Kiddy, Plaintiff's Complaint, ECF No. 1, has been deemed deficient and is thus **DISMISSED**, without prejudice, under Fed. R. Civ. P. 12 (b)(6). However, the Court shall afford Plaintiff an opportunity to amend her complaint to try to state a claim as to Defendant Kiddy. Plaintiff's "Amended Complaint," if any, shall be filed within **fourteen (14) days** of the date of this Order.

5. If Plaintiff fails to file an Amended Complaint within the specified timeframe or again fails to state a claim upon which relief may be granted, the Court shall dismiss this action and close the file.

6. Plaintiff's motion for default, **ECF No. 15**, is **DENIED**.

///

///

ORDER - 9

1  **IT IS SO ORDERED**.  The District Court Executive is directed to file this
2  Order and provide copies to Plaintiff and counsel.
3      DATED November 28, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 10